UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 cr 800-2 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| JANNETTE FARIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Jannette Faria, moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), arguing that the government failed to prove beyond a reasonable doubt that Faria knowingly and intentionally participated in a scheme to defraud the state of Illinois [180]. Faria also moves for a new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that this Court erred by allowing the jury to have a copy of the indictment during deliberations and that she was deprived of a fair trial by her co-defendant's "antics" before the jury [180]. For the reasons stated herein, the motions are denied.

**Background**

Herman Jackson and Jannette Faria were indicted on October 10, 2012, on charges of mail fraud and wire fraud stemming from a scheme to defraud the state of Illinois through the Child Care Assistant Program and Illinois Action for Children. Jackson established three daycare centers at his Ark of Safety Church, through which he allegedly sought and received unearned subsidy payments from the state. Faria allegedly participated in the scheme as the owner of the third daycare associated with Ark of Safety Church, ABC Cicero Kids. After a two week jury trial, Faria was convicted of one count of mail fraud, six counts of wire fraud, and one count of making false statements. The jury

also returned a guilty verdict against Jackson for two counts of mail fraud, nine counts of wire fraud and two counts of making false statements.

**Legal Standard**

A criminal defendant who has been found guilty by a jury may move for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c). Jackson challenges the sufficiency of the evidence presented at trial, therefore the Court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)).

"[I]f the interest of justice so requires," the court may provide a new trial to a criminal defendant found guilty by a jury. Fed. R. Crim. P. 33(a). It is within the sound discretion of the trial judge to decide whether to grant a new trial. *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004). "[A] defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." *United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *United States v. Ryan*, 213 F.3d 347, 351 (7th Cir. 2000) (quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)).

**Discussion**

*1. Sufficiency of the Evidence*

Jannette Faria, like her co-defendant Herman Jackson, was convicted of wire fraud, mail fraud, and making false statements. She challenges the sufficiency of the evidence to convict her. In order to convict a defendant of wire fraud under 18 U.S.C. §1343, the government needed to prove

that (1) there was a scheme to defraud; (2) wires were used in furtherance of the scheme; and (3) Faria participated in the scheme with the intent to defraud. *United States v. Pust*, 798 F.3d 597, 600 (7th Cir. 2015) (citing *United States v. Sheneman*, 682 F.3d 623, 628 (7th Cir. 2012); *United States v. Stephens*, 421 F.3d 503, 507 (7th Cir. 2005)). The elements of mail fraud under 18 U.S.C. § 1341 parallel the elements of wire fraud except the defendant must have used the United States mail as a carrier. *United States v. Thyfault*, 579 F.3d 748, 751 (7th Cir. 2009).

Faria argues that the government failed to prove that she knowingly participated in the scheme to defraud Illinois Action for Children and the state of Illinois. Faria asserts that she was the owner of the third daycare ABC Cicero Kids in name only and that her involvement was akin to that of Denise Pugh the owner of the second daycare, Jubilee. The evidence, both testimonial and documentary, shows that Faria had a far more substantial role in ABC Cicero Kids than Denise Pugh had with Jubilee. Pugh testified to her own lack of knowledge about Jackson's subsidy billing to the state, unlike Faria, who was shown to have an ongoing role in running of ABC Cicero Kids even if by telephone, text, and email. The facts surrounding Denise Pugh's involvement with Jubilee, including that she was homeless and unemployed when Jackson offered her employment and shelter, have no bearing on Faria's role as owner of ABC Cicero Kids. Furthermore, testimony established that Faria hired and fired employees, set schedules, have telephone calls forwarded to her cell phone, filled out and submitted paperwork to the state even after the Town of Cicero shuttered ABC Cicero Kids in February 2011. The documentary and testimonial evidence taken together certainly provides ample basis for the jury's verdict. This Court therefore denies Faria's motion for judgment of acquittal.

2. *New Trial*

Faria moves for a new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that this Court erred by allowing the jury to have a copy of the indictment during deliberations and that

she was deprived of a fair trial by her co-defendant's behavior in front of the jury, while representing himself.

As Faria acknowledges in her motion, submission of the indictment to the jury is within the discretion of the court and she does not point to any specific portion of the indictment that she believes caused the jury confusion. This Court instructed the jury on the charges and on the purpose of the indictment. *See Seventh Circuit Pattern Criminal Jury Instructions*, 2012 Ed. at §1.02. Further, the 1.02 instruction as well as the Committee Comments suggest that the practice of providing the jury with a copy of the indictment during deliberations is common and proper as long as the jury is instructed on its purpose. *See United States v. Smith,* 419 F.3d 521, 530–31 (6th Cir. 2005) (internal quotation marks omitted).

Faria's second argument for a new trial, that she was deprived of a fair trial by having a joint trial with Herman Jackson. Faria never sought severance and nothing in Jackson's demeanor could have reflected negatively on her since she was ably represented by counsel. Even Jackson conducted himself with composure throughout most of his self-representation. The instances of conduct that Faria refers to as inflammatory and prejudicial do not rise to a level requiring a new trial. Faria relies on *United States v. Mannie*, 509 F.3d 851 (7th Cir. 2007), as an example of an instance where one defendant's courtroom conduct is so outrageous that it deprives the co-defendant of the fair trial. In *Mannie*, one of the defendants verbally assaulted his attorneys, instigated a campaign of intimidation by members of the gallery, and was involved in a violent courtroom brawl. *Id.* at 857. While this Court acknowledges Faria's concern that Jackson referred to "we" in his closing arguments, that alone does not support a finding that she was deprived of a fair trial. In fact, Jackson took great pains during his closing not to implicate "the love of his life" in any scheme and nothing he said contradicted the evidence presented during the trial. The Court also repeatedly instructed the jury

4

that Jackson's comments in his role as his own attorney were not evidence. Accordingly, this Court denies Faria's motion for a new trial.

**Conclusion**

Based on the foregoing discussion, this Court denies Faria's Consolidated Motion for Judgment of Acquittal and Motion for a New Trial [180].

IT IS SO ORDERED.

Date: January 27, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge